I also write to note that, although the Majority approves the "rationale" of the *Benninghoff* case to the extent it recognized, where *Anastasio* did not, the necessity of aligning the Ethics Act and the Election Code, today's holding does not adopt *Benninghoff's* "substantial compliance" rule. The fashioning of that rule was made necessary by the effect of the unfortunate *Anastasio* line. The Court having eradicated the *Anastasio* cancer, the half-cure of *Benninghoff* has outlived its usefulness.

937 A.2d 378

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Anthony ARMSTRONG, Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 15, 2007.

Dec. 27, 2007.

Pa. 384, 388 A.2d [709,] 720 [(1978)] ("[T]he doctrine of stare decisis is not a vehicle for perpetuating error, but rather a legal concept which responds to the demands of justice and, thus, permits the orderly growth processes of the law to flourish.").

*Stilp v. Commonwealth*, 588 Pa. 539, 905 A.2d 918, 967(2006). The experience of the last few election cycles, where it became apparent that the *Anastasio* approach had become a potent political weapon, resulting in the courts being inundated with election challenges premised upon supposed "fatal defects," and candidates being removed for a variety of minor perceived "infractions," reaffirmed my belief that such was not the General Assembly's intention and that *Anastasio*, which was affirmed by this Court without explanation, required revisiting.

Hugh J. Burns, Esq., Jonathan Michael Levy, Esq., Philadelphia District Attorney's Office, for Commonwealth of Pennsylvania.

Joshua Sarner, Esq., Sarner & Associates, P.C., Philadelphia, for Anthony Armstrong.

BEFORE: CAPPY, C.J., and CASTILLE, SAYLOR, EAKIN, BAER, BALDWIN and FITZGERALD, JJ.

## *ORDER*

PER CURIAM.

The appeal is dismissed as improvidently granted.

937 A.2d 379

**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Leslie Charles X. BEASLEY, Appellant.**

Supreme Court of Pennsylvania.

Nov. 9, 2007.

